# EXHIBIT 1

*[handwritten: William R Scott 12-30-2021]*

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
**2021RCCV00642**
JESSE C. STONE
DEC 09, 2021 04:48 PM

*[signature]*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

# SUPERIOR COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER  2021RCCV00642

Alea Jones, Individually & as Administratrix

**PLAINTIFF**

VS.

Veterans Transport, Inc., d/b/a Capital Care

**DEFENDANT**

## SUMMONS

TO: VETERANS TRANSPORT, INC., D/B/A CAPITAL CARE

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**John R. B. Long**
**John R. B. Long, P.C.**
**411 Telfair Street**
**Augusta, Georgia 30901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 9th day of December, 2021.**

Clerk of Superior Court

*[signature]*

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

Page 1 of 1

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
**2021RCCV00642**
JESSE C. STONE
DEC 09, 2021 04:48 PM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

IN THE SUPERIOR COURT OF RICHMOND COUNTY, GEORGIA

Civil Action File No. 2021RCCV00642

| | |
|---|---|
| Alea Jones, Individually & as Administra... ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Judge: JESSE C. STONE |
| ) | |
| Veterans Transport, Inc., d/b/a Capital ... ) | |
| Defendant ) | |

## STANDING ORDER FOR MEDIATION IN CIVIL CASES

In accordance with the mandate of the Georgia Constitution of 1983 that the judicial branch of government provide "speedy, efficient and inexpensive resolution of disputes and prosecutions," and pursuant to Uniform Superior Court Rule 1.2 as well as the Georgia Supreme Court's Alternative Dispute Resolution Rules encouraging the use of alternative dispute resolution by the courts of this state, the following **Standing Order for Mediation in Civil Cases** is hereby entered. As set forth herein, all contested civil matters filed in the Superior Courts of the Augusta Judicial Circuit, **unless exempted**, as set forth below, must be mediated in accordance with this Order.

**MEDIATION REQUIRED.**

Mediation is a prerequisite to a case's placement on the trial calendar, and **must be conducted in compliance with this Order**. All such mediations shall be conducted in accordance with the rules of the Augusta Judicial Circuit ADR Program (hereinafter "AJC ADR Program".)

The parties shall agree upon a mediator from the roster of mediators registered by the Georgia Office of Dispute Resolution (http://godr.org/) who have been chosen for service in the AJC ADR Program. A copy of the roster may be obtained by contacting the AJC ADR Program Director, Debbie Goode (hereafter "ADR Director"), at 706-821-2357 or dgoode@augustaga.gov.

Parties shall contact the mediator directly and schedule the mediation. The plaintiff's counsel shall provide the date of the mediation and the name of the mediator selected and agreed to by all parties, by completing the attached Notice of Mediation Status form (Attachment A hereto) which must be provided by email or U.S. mail to the ADR Director, **prior to the scheduled session**. Unless otherwise agreed, the parties shall share the cost of the mediator equally, and should be prepared to pay the mediator at the conclusion of the session. Should the parties fail to agree upon a mediator, the court or the ADR Director will appoint one for them and may set the fee. If any party is unable to afford the cost of mediation, they may contact the ADR Office to request an Application for Fee Waiver/Fee Reduction.

Should the parties desire to use a mediator not on the AJC ADR Program roster, they are permitted **to petition the court** to utilize any mediator **provided he/she is registered with the Georgia Office of Dispute Resolution in the appropriate category**. If approved, **prior to mediation,** Plaintiff shall notify the ADR Director in writing of the name of the mediator, and the time and location of mediation. He/she shall be paid in accordance with the agreement of the parties and said mediator.

The parties and their counsel shall negotiate in *good faith* to resolve all issues in this case with the mediator. Within *seven* calendar days after mediation the parties shall notify the ADR Director whether mediation was successful by completing and submitting to the ADR Director a copy of the attached Attestation Form (Attachment B hereto,) as set forth below in the provision of this order entitled Attestation of Mediation Participation or Exemption. In the absence of settlement, the parties lose none of their rights to a final hearing or trial.

Compliance with this Order does not require the parties to reach a settlement. The mediator has no authority to compel settlement. Any settlement is entirely voluntary.

**APPEARANCE.**

The presence of parties at all mediation conferences is required unless the court excuses attendance for good cause shown. The requirement that a party appear at a mediation conference is satisfied if the following persons are physically present:

(a) The party and/or:

    (1) The party's representative who has:

        (i) Full authority to settle without further consultation; and

        (ii) A full understanding of the dispute and full knowledge of the facts;

    (2) A representative of an insurance carrier for any insured party if that representative has full authority to settle without further consultation, except that telephone consultations with persons immediately available are permitted. Appearance of an insurance carrier's representative by telephone is only permitted if all parties agree to such telephonic appearance.

**DISCRETIONARY EXEMPTIONS.**

Any party may petition the court to exempt the case from mediation by filing a Mediation Exemption Petition, a copy of which shall also be provided to the ADR Director. An exemption from mediation may be requested for the following reasons:

(a) The issue(s) to be considered has been previously mediated by a mediator registered with the Georgia Office of Dispute Resolution;

(b) The issue(s) presents a question of law only;

(c) Good cause shown before the judge to whom the case is assigned.

Any exemption shall be within the discretion of the court.

**MANDATORY EXEMPTIONS.**

The following shall be exempt from mediation except upon petition of all parties or upon *sua sponte* motion of the court:

(a) Appeals from rulings of administrative agencies;

(b) Forfeitures of seized properties;

(c) Bond validations; and

(d) Declaratory relief.

**CONFIDENTIALITY AND PRIVILEGE.**

The Georgia Supreme Court Alternative Dispute Resolution Rules and the Augusta Judicial Circuit Alternative Dispute Resolution Rules provide protections, immunities, and benefits to parties, counsel, and registered neutrals in properly conducted court-connected mediations. All submissions provided to a registered mediator, discussions, representations, and statements made

in connection with a court-connected mediation proceeding shall remain confidential and privileged consistent with Georgia law. Parties and neutrals acting in a court-annexed or court-referred ADR process are entitled to these confidentiality and immunity protections. (Supreme Court ADR Rule 6.1 and 6.2.) Non-registered mediators do not have the confidentiality or immunity protections provided by the Supreme Court of Georgia.

**ATTESTATION OF MEDIATION PARTICIPATION OR EXEMPTION.**

Prior to requesting a pretrial conference or trial date, the requesting party is directed to complete and submit a filed copy of the attached Attestation Form to the ADR Director. The original attestation shall be filed with the Clerk of Court. Failure to attest will result in continuance of the matter until compliance is demonstrated.

**EFFECTIVE DATE OF ORDER**

This Order shall become effective the date it is filed and shall apply to all civil cases except those exempted as described above.

**SO ORDERED** this _____ day of _____, 20____.

_____
Judge, Superior Court
Augusta Judicial Circuit

IN THE SUPERIOR COURT OF _____ COUNTY, GEORGIA

CIVIL ACTION FILE NO. _____

_____,  )
       PLAINTIFF,  )
         )
VS.  )
         )
         )
_____,  )
       DEFENDANT.  )

## NOTICE OF MEDIATION STATUS
### (Attachment A)

☐ I do hereby confirm that the parties in the above styled action have selected and agreed to the following registered mediator:

    Mediator's Name: _____

    Date of Mediation: _____

☐ Parties request a mediator be assigned by the AJC ADR Program.

☐ Granted an Exemption (See copy attached.)

This _____ day of _____, 20\_\_\_.

                                  _____
                                  Plaintiff's Counsel

                                  Printed Name: _____

IN THE SUPERIOR COURT OF _____ COUNTY, GEORGIA

CIVIL ACTION FILE NO. _____

_____,
   PLAINTIFF,   )
           )
VS.          )
           )
_____,
   DEFENDANT.  )

## ATTESTATION FORM
### (Attachment B)

I do hereby attest that the parties in the above styled action have;

 ☐ **Attended Mediation:**

  Date: _____

  Mediator's Name: _____

  Outcome: _____

 ☐ **Granted an Exemption** (See copy attached.)

This _____ day of _____, 20___.

           _____
           Requesting Party's Signature

           Printed Name: _____

**Sworn to and subscribed before me,**
This _____ day of _____, _____.

_____
Notary Public
My Commission expires: _____

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
**2021RCCV00642**
JESSE C. STONE
DEC 09, 2021 04:48 PM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

IN THE SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA
AUGUSTA JUDICIAL CIRCUIT

| | |
|---|---|
| ALEA JONES, Individually and as Administratrix of the Estate of Helen Virginia Travers, | CIVIL ACTION FILE NO. |
| | 2021-_____ |
| PLAINTIFF, | |
| VS. | |
| VETERANS TRANSPORT, INC. d/b/a CAPITAL CARE, | |
| DEFENDANT. | |

### COMPLAINT FOR WRONGFUL DEATH OF HELEN VIRGINIA TRAVERS AND COMPLAINT FOR DAMAGES

NOW COMES the Plaintiff, ALEA JONES, *individually and as Administratrix of the Estate of Helen Virginia Travers*, and files this, her Complaint for Wrongful Death of Helen Virginia Travers and Complaint for Damages and, in support thereof, shows:

1. That Defendant Veterans Transport, Inc. d/b/a Capital Care is a South Carolina corporation with its principal place of business located at 311 Whitlaws Road, North Augusta, South Carolina 29841. Defendant can be served by serving its registered agent for service of process, Bobby W. Hickson, Sr. at 311 Whitlaws Road, North Augusta, South Carolina 29841.

2. Defendant is in the business of operating an ambulance and stretcher van transportation service for patients who are not otherwise mobile.

1

3. Defendant operates its business primarily in the states of Georgia and South Carolina, and is subject to the jurisdiction of the Court pursuant to O.C.G.A. § 9-10-91, as Defendant transacts business in Richmond County, Georgia.

4. That Plaintiff is the daughter of the late Helen Virginia Travers, who died on March 3, 2020 following an injury outside the skilled nursing facility she was a resident of in Richmond County, Georgia.

5. Plaintiff is also the Administrator of the Estate of the late Helen Virginia Travers, who at the time of her death was a citizen of Georgia and a resident of and domiciled in Augusta, Richmond County Georgia. Plaintiff has been appointed as Administrator of the Estate of Helen Virginia Travers by the Probate Court of Richmond County, Georgia, as shown by Exhibit "A" attached hereto, which also includes an Order of the Probate Court showing that the late Helen Virginia Travers was domiciled in Richmond County, Georgia, as well as her death certificate.

6. On or about the early morning of December 10, 2019, Defendant was contracted to transport the late Helen Virginia Travers to a medical appointment from the nursing facility she resided at: The Place at Deans Bridge, 3235 Deans Bridge Road, Augusta, Georgia 30906.

7. After wheeling the late Ms. Travers outside on the stretcher bed she was laying in, one of Defendant's employees repositioned their transportation vehicle, while leaving another to wait with Ms. Travers.

8. When attempting to move Ms. Travers towards the vehicle, Defendant's employees caused the stretcher bed to tip over, plunging the late Ms. Travers to the concrete curbing below.

9. Defendant was negligent in the training and supervision of its employees.

10. Defendant was negligent in failing to provide adequate care and control over the stretcher bed Ms. Travers was occupying.

11. Defendant was negligent in allowing only one employee to attend to the late Ms. Travers while another employee repositioned Defendant's vehicle.

12. Defendant was otherwise negligent.

13. As a result of the stretcher tipping over, Ms. Travers experienced serious injuries and was hospitalized.

14. Ms. Travers' injuries were continuing in nature, and caused her pain and suffering, in addition to expenses of hospitalization and medical care.

15. Ms. Travers died on March 3, 2020, as a result of complications from the injuries incurred on December 10, 2019.

16. That Plaintiff has standing to bring a wrongful death action on behalf of herself under the provisions of O.C.G.A. 51-4-2 seeking the full value of the life of the late Helen Virginia Travers and has standing to bring the action to recover damages for pain and suffering, medical expenses, and funeral expenses, as Administratrix of the Estate of the late Helen Virginia Travers.

17. That as a direct result of the actions of the Defendant, the late Helen Travers was injured and died, endured pain and suffering prior to her death, and the estate has incurred funeral and medical expenses as a result of her being shot and killed. The exact amount of the funeral and medical expenses may be added by amendment prior to trial.

18. That Plaintiff, as Administratrix of the Estate of the late Helen Virginia Travers, is entitled to damages for the period of time that the late Helen Virginia Travers was injured until her death, as well as damages for medical expenses and funeral expenses.

19. That Plaintiff, as the daughter of the late Helen Virginia Travers, is entitled to recover for the full value of the life of the late Helen Virginia Travers which was cut short by the Defendant's action or inaction.

20. That Defendants had a duty to provide safe, secure transportation, care, and supervision for the late Helen Virginia Travers.

21. That Defendants breached that duty and were negligent.

22. That Plaintiff brings this claim for punitive damages against Defendants, pursuant to O.C.G.A. § 51-12-5.1, in that Defendants' actions and inactions as herein alleged show willful misconduct, malice, wantonness or that entire want of care, which raises the presumption of conscious indifference to consequences, thereby authorizing the award of punitive damages to punish, penalize or deter Defendants from such conduct in the future.

23. Plaintiff is also entitled to an award of expenses of litigation, including reasonable attorney's fees, under any applicable provision of Georgia law.

24. This Court has jurisdiction over both the parties and the subject matter of this action. Venue is proper.

WHEREFORE, Plaintiff prays:

(a) That process issue requiring Defendants to be and appear in this Court to answer the allegations contained in Plaintiff's complaint;

(b) That Plaintiff and the Estate of the late Helen Virginia Travers recover damages for medical and funeral expenses and pain and suffering and damages that occurred from the moment the late Helen Virginia Travers was injured until her death on March 3, 2020;

(c) That Plaintiff recover for the full value of the life of the late Helen Virginia Travers as authorized by Georgia law;

(d) That Plaintiff be awarded punitive damages pursuant to O.C.G.A. § 51-12-5.1;

(e) That Plaintiff recover her reasonable attorney's fees as allowed by law;

(f)  That Plaintiff have such other and further relief as is just and equitable; and

(g)  That the issues in this case be tried by a jury.


This 9th day of December, 2020.

                                                          JOHN R. B. LONG, ESQ.
                                                          Georgia State Bar No. 516133
                                                          Counsel for Plaintiff

JOHN R. B. LONG, P.C.
411 Telfair Street
Augusta, Georgia 30901
(706) 868-8011 Tel
(706) 868-8041 Fax
jlongattorney@aol.com

# EXHIBIT A

IN THE PROBATE COURT OF RICHMOND COUNTY
STATE OF GEORGIA

IN RE: ESTATE OF )
)
HELEN VIRGINIA TRAVERS, ) ESTATE NO. 2021-RCGP-108
DECEASED )

## LETTERS OF ADMINISTRATION
*[Bond Waived and/or Certain Powers Granted at Time of Appointment]*

At a regular term of Probate Court, this Court granted an order allowing **ALEA JONES** to qualify as Administratrix of the above-named Decedent, who was domiciled in this County at the time of her death or was domiciled in another state but owned property in this County at the time of her death, and that upon so doing, Letters of Administration be issued to such Administratrix.

THEREFORE, the said Administratrix, having taken the oath of office and complied with all necessary prerequisites of the law, is legally authorized to discharge all the duties and exercise all powers of Administratrix, according to Georgia law. In addition this Court:

*[Initial all that apply]*

(a) ***POWERS GRANTED***: Grants to the Administratrix all of the powers contained in O.C.G.A. § 53-12-261.

(b) ***REPORTS WAIVED***: Grants to the Administratrix the specific power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court; but the fiduciaries shall furnish to the heirs, at least annually, a statement of receipts and disbursements.

(c) ***BOND WAIVED***: Waives the specific requirement to post bond.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this 14th day of April, 2021.

Harry B. James, III
Judge of the Probate Court
Richmond County, Georgia



IN THE PROBATE COURT OF RICHMOND COUNTY
STATE OF GEORGIA

IN RE: ESTATE OF )
)
HELEN VIRGINIA TRAVERS, )   ESTATE NO. 2021-RCGP-108
DECEASED )
)

## ORDER APPOINTING ADMINISTRATRIX

A Petition for Letters of Administration for the above named Decedent was filed.

**ALEA JONES** was nominated Administratrix in the Petition and is hereby found to be legally qualified for said office. The Court finds that the Decedent died domiciled within, or domiciled outside the State of Georgia but owning property within, the above County. The Court finds that the Decedent died intestate. The Court further finds that all of the heirs at law were served or acknowledged service. The Court further finds that no objection has been filed, and all requirements of law have been fulfilled.

ACCORDINGLY, IT IS ORDERED that the person named above is found to be qualified for such office and is hereby appointed Administratrix of the estate of the Decedent, and that appropriate Letters be issued upon said Administratrix taking the oath as provided by law. The Administratrix shall not make any distribution to a person for the benefit of a minor unless that person is qualified to receive such funds according to law.

IT IS FURTHER ORDERED that upon unanimous consent and publication of notice as necessary, the Court hereby: *[Initial all that apply.]*

(a) **POWERS GRANTED**: Grants to the Administratrix all of the powers contained in O.C.G.A. § 53-12-261.

(b) **REPORTS WAIVED**: Grants to the Administratrix the specific power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court; but the fiduciaries shall furnish to the heirs, at least annually, a statement of receipts and disbursements.

(c) **BOND WAIVED**: Waives the specific requirement to post bond.

SO ORDERED this 14th day of April, 2021.

_____
Harry B. James III
Judge of the Probate Court
Richmond County, Georgia